1.28.15

73,971-02

Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Re: Motion for Speedy trial:

Abel Acosta:

Can you Please file this motion for Speedy trial being that I'am asserting my 6th amendment Right and I have filed with the 175th Judicial District on 4 occasions and as of yet heard No answer.

Respectfully Submitted

Steven M. Gary.

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 04 2015

Abel Acosta, Clerk

MOTION DENIED
DATE: 2-11-15
BY:

| The State of Texas | Cause No. 2014CR2945 | In The District Court |
|---|---|---|
| Vs. | | 175th Judicial District |
| Steven Mitchell Gary | | Bexar County, Texas |

## Motion for Speedy Trial

To Honorable Judge of Said Court:

    Comes Now Steven Mitchell Gary with the authority of the sixth amendment to the Constitution of the United States, with the assertion of this Right Requests a Speedy Trial.

    Standard of Review - The sixth amendment of The U.S. Constitution provides that In all Criminal prosecutions, the accused shall enjoy the Right to a Speedy and Public Trial..." U.S. Const. amend VI see also Tex. Code Crim. Proc. Ann. art 1.05 (West 2005) The Right to a Speedy Trial Is fundamental and Is applicable to the States through Due Process clause of the fourteenth Amendment. See Klopfer V. North Carolina, 386 U.S. 213, 87 S.Ct 988, 18 L.ED.2d 1 (1967)

    "While the State has the burden of Justifying the length of delay, "the Defendant has the burden of proving the assertion of the Right and showing prejudice" Cantu 253 s.w. 3d at 280. Thus the Greater the State's bad faith or official Negligence and the longer It's actions delay a trial, the less a defendant most show actual prejudice or prove Dilligence In asserting his Right to a Speedy Trial" Id. at 280-81

Under the abuse of Discretion standard applicable to factual Issues, we defer not only to a trial Court's Right to draw Reasonable Inferences from those facts. In asserting the Evidence at a Speedy Trial hearing, the trial Judge may completely disregard a wittness's testimony, Based on Credibility and demeanor Evaluations, Even If that testimony Is uncontroverted". ID.

"The trial Judge may disbeleive any Evidence so long as there Is a Reasonable and articulable basis for doing so, and all of the Evidence must be veiwed In the light most favorable to [trial Courts] ultimate Ruling."

A. Length of Delay - "Barker V. Wingo factors. The length of delay Is the triggering mechanism" for an analysis of the Remaining three factors and Is measured from the date the Defendant Is arrested or formerly accused. Cantu, 253 S.W. 3d at 281. This delay Is triggered and unReasonable enough to be presumptively prejudicial.

B. Reason for delay - The State Bears the burden of Justifying the delay Zamorano V. State 84 S.W. 3d. 643, 649 (Tex. Crim. App. 2002) Quoting Barker, 407 U.S. at 531). Dragoo V. State, 96 S.W. 3d 308, 314 (Tex. Crim. App 2003)

C. Assertion of Right - Although It Is the State's duty to bring the defendant to trial,

"a defendant does have the Responsibility to assert his Right to speedy trial Cantu, 253 S.W.3d at 282.

D. Prejudice - This delay has done "IRREPERABLE Harm" to this the defense's case due to the fact that a wittness for the defense cannot be found, The defendant has suffered oppressive PRE-Trial detention, and his anxieties have not been minimized, Defenses has been Impaired and the fairness of the system has been skewed and prejudiced by this delay. Dragoo, 96 S.W.3d at 315.

Prima facie showing that the complaintant has tried to *RECUSE herself* by filing an affidavit of Non PROSECUTION In which a P.R. Bond was Issued on 2·24·14 than Revoked without explanation. Complaintant again tried to assert her Right by telling PROSECUTION she does not want to PROCEED with this matter, on 10·13·14 at the 175th Judicial District Court Bexar County, Texas, "This IS prejudice" Ex Parte McKenzie, 491 S.W.2d 122, 123 (Tex. Crim. App 1973).

In Barker V. Wingo, the United States Supreme Court established four factors to be considered when analyzing a Speedy-trial claim. Barker V. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L.ED.2d 101 (1972); See also Cantu V. State, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). They are: (1) the length of delay; (2) the Reason for the delay; (3) the defendants assertion of his Right; and (4) prejudice to the defendant. Barker, 407 U.S. at 530; Cantu, 253 S.W.3d at 280. No Single factor is necessary or sufficient to establish a violation of the Right to a Speedy trial; Rather, they are Related factors and must be considered together..." Barker, 407 U.S. at 533. In conducting this balancing test we weigh "the conduct of both the prosecution and the defendant..." Id. at 530.

a. motion for Speedy trial was filed in May 2014 then again in Sept, 2014 Dec. 2014 Now January 2015.

Thus it is therefore believed and averred that the "mitigating Values" substantially outweigh the aggravating factors in this motion.

Wherefore, Premises Considered, Defendant Request that a trial date be set and any postponements to this date move the said Court for Dismissal of the above Stated Case, and, or a Decreing for Dismissal, any Relief that Defendant is

Entitled.

## CERTIFICATE OF SERVICES

I, hereby certify that on this 28 day of January, 2015, a true and correct copy of the above and foregoing Motion for Speedy Trial was Transmitted to Bexar County Criminal Filing District Attorney 101. W. Nueva 4th Flr. San Anto, Texas 78205, District Clerks office "Criminal Section" 101 W. Nueva Ste. 217 San Anto, Texas 78205 ATTN: 75th District Court

IMELDA FIGUEROA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-11-2015

1/28/15

_Shawn Gary_
DEFENDANT

## ORDER

On this the _____ of _____, 2015 came on to be heard Defendant's Motion for Speedy Trial, and said motion is hereby

( ) GRANTED        ( ) DENIED
Signed this day of _____, _____, 2015

_____
Judge Presiding